.FRITZ v. THE KANSAS CITY, COUNCIL BLUFFS AND ST. JOSEPH RAILWAY CO.

1. **Railroads**: DAMAGE TO STOCK: PLEADING AND EVIDENCE. In an action against a railroad company for damage to stock at a point where it had the right to fence, an allegation that the road was "unfenced" was sustained by proof that the fence once erected had been destroyed, and that no fence had since been erected.

2. ———: REASONABLE DILIGENCE IN CONSTRUCTING FENCES. Where the court instructed the jury that the defendant was entitled to a reasonable time, after the destruction of its fences by a flood, to rebuild the same, and it appeared that they had not been rebuilt two months after the road was in regular use, *held* that the jury was warranted in finding that defendant had been negligent in reconstructing the fences in question.

3. **Verdict**: EVIDENCE TO SUPPORT. Where there was evidence upon which the jury might, in the exercise of an intelligent and honest discretion, have found their verdict, the verdict will not be disturbed.

*Appeal from Pottawattamie Circuit Court.*

WEDNESDAY, JUNE 13.

ACTION to recover for the killing and injuring of certain live stock owned by plaintiff, by a train operated by defendant upon its railroad. The injuries were done at a point upon defendant's road where it was lawful to erect a fence. There was a verdict and judgment thereon for plaintiff. Defendant appeals.

*Sapp & Lyman*, for appellant.

*Watkins & Williams*, for appellee.

BECK, J.—I. The petition alleges that plaintiff's stock was injured on the first day of August, 1881, at a point where defendant had the right to fence its track. The answer denies generally all allegations of the petition and, as a special defense, avers that prior to the first of April, 1881, the railroad of defendant at the point where the injury occurred was

fenced, but that at and subsequent to that date the country through which the railroad was constructed was inundated by a great flood and overflow of the Missouri river, which destroyed nearly the entire road-bed and the fences erected by defendant. It is alleged that defendant exercised all reasonable diligence and made every possible effort to restore the track and rebuild the fences, but it was impossible to erect the fence at the place where plaintiff's stock was injured. The circuit court gave to the jury instructions applicable to the issues presented by the pleadings, to which defendant took no exceptions. Certain instructions requested by defendant the court refused to give, to which defendant excepted. A motion for a new trial, based upon rulings upon the instructions, and the alleged conflict of the verdict with the evidence and the instructions given, was overruled. The alleged errors assigned and pressed in argument relate to the refusal of one instruction and the insufficiency of the evidence to support the verdict. These points, and no others, demand attention.

II. The defendant asked an instruction to the effect that if the jury found that the road had been fenced the plaintiff

1. RAILROADS: damage to stock: pleadings and evidence. cannot recover, for the reason that the petition claims to recover on the ground that defendant failed to fence, and not on the ground of a failure to keep the fence in repair, or rebuild the fence, after it was destroyed. The defendant insists that a claim to recover for a failure to fence is not supported by evidence of a failure to keep the fence up or in repair. We need not decide the point here raised, as it is not in the case. The petition alleges that the road was "unfenced," and that defendant had a right to construct a fence at the place where the injury was done. The word "unfenced" means that no fence existed at the time, and would describe the condition of the absence of a fence caused by the removal or destruction of a fence before existing. No objection was made to the petition on the ground that the allegation as to the fence was not sufficiently explicit.

The evidence showing the destruction of the fence, and that no fence had been afterwards constructed, supports the allegation of the petition. The objection urged by defendant is not well taken.

III. The instructions given are to the effect that defendant, in the exercise of reasonable diligence, was entitled to sufficient time to rebuild the fences after their destruction, and that the jury, in determining whether proper diligence was used in restoring the fences, should consider the extent of the destruction of defendant's road-bed and fences, the duration of the flood, and all the surrounding circumstances. If they found defendant had, under all of these circumstances, used reasonable diligence to rebuild the fence, it was not liable. The instructions given, as we have before remarked, were not excepted to by defendant; they must be regarded as the law of the case, without inquiry into their correctness.

2. ———: reasonable diligence in constructing fences.

The counsel for defendant insist that the evidence is insufficient to support the finding of the jury under their instructions. We think the verdict cannot be distrubed on this ground. It is shown that trains ran regularly prior to the first of June, the road-bed having been in many places entirely rebuilt and, in some instances, changed. The road, it is true, was rough—very much like a new road, we infer, and slow time was made by the trains. But it was used by regular trains after the first of June. The defendant, then, omitted to put up the fences for two months after the road was so far restored as to permit its regular use. We may regard the road, after the flood, as a new road, and surely defendant can claim no more favorable view. We would not hold a new road exempt from the requirement of the statute for two months after trains commenced running regularly upon it, upon the ground that it was found impossible to erect fences within that time. We think that when trains are run regularly over a road, the statute charging liability in the observance of fences is applicable. We do not regard de-

fendant as entitled to the application of a rule different from this. The evidence establishing the facts we have just stated is found in defendant's abstract. We find it unnecessary to consult the amended abstract at all.

IV. Counsel for defendant insist that the evidence fails to support the verdict, in that there is not sufficient proof

3. VERDICT: evidence to support.

upon which they were authorized to find that a train operated by defendant injured plaintiff's stock. It is shown that another railroad company used the track in running its trains.

It cannot be said that there is such an absence of evidence upon this point as to require the verdict to be set aside. We discover proof from which we think the jury could have found, in the exercise of an intelligent and honest discretion, that the stock of plaintiff was injured by defendant's train.

The foregoing discussion disposes of all the questions presented in argument by defendant's counsel. We find it unnecessary to consider many propositions of law, and many authorities cited, for the reason that they do not control the decision of the case, not being applicable thereto.

The judgment of the circuit court must be

AFFIRMED.